## Anderson's Estate

Before Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Albert T. Hanby*, for exceptant.

*Edward W. Madeira* and *Edmonds, Obermayer & Rebmann*, contra.

STEARNE, J., January 20, 1933.—The question involved is: Does the will exempt from transfer inheritance tax all bequests, or is such exemption limited to the widow's interest? The clause of the will reads as follows:

"I will that all my just debts, funeral expenses and taxes of any kind, including Federal and State Inheritance, Transfer or Succession Taxes with which my wife's interest under this my will may [be] chargeable, shall be paid promptly by my executor and charged out of my principal residuary estate as soon as it conveniently may be done after my decease."

We agree with the auditing judge that standing alone the words "all my just debts, funeral expenses and taxes of any kind . . . shall be . . . charged out of my . . . residuary estate" exempt all bequests from transfer inheritance tax. We do not consider that the additional phrase "including Federal and State Inheritance, Transfer or Succession Taxes with which my wife's interest under this my will may [be] chargeable" indicates an intention on the part of the testator to restrict the tax exemption solely to his widow's interest. The addition of such phrase appeals to us rather as an indication of a superemphasis by the testator that his wife's interest shall be tax-exempt. Despite the able and earnest argument of counsel for the contestant, we are not persuaded that the auditing judge erred.

The exceptions are dismissed and the adjudication is confirmed absolutely.